FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 1 2 2010

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIRST HORIZON HOME LOANS, a division of First Tennessee Bank, N.A., | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:08-cv-3202-TCB |
| JONATHAN BEEN, | ) | |
| Defendant. | ) | |

**ORDER**

This action[1] involves nine construction loans that were issued by Plaintiff First Horizon Home Loans and were personally guaranteed by Defendant Jonathan Been,[2] all of which have since matured and are past due.

---

[1] This case was filed on October 14, 2008, and it was originally assigned to Judge Beverly B. Martin. On January 25, 2010, it was reassigned to the undersigned.

[2] Been is the chief executive officer of non-party Atreus Communities of America, LLC, a company that builds homes. Been executed personal guarantees on each of the loans at issue and also reaffirmed his personal guarantees pursuant to several loan extensions that were issued by First Horizon.

On October 13, 2009, First Horizon filed a motion for summary judgment [40], contending that Been was liable for the full amounts outstanding on all of the loans.

In Been's response, he admitted that he signed the guarantees and that he had not paid the amounts due. However, he argued that he was not required to immediately pay the money because the parties had mutually departed from the terms of the loans by virtue of First Horizon's willingness to grant extensions and accept late payments. In other words, Been admitted that he owed the money; he simply asserted that he was not required to pay right away.

Finding the posture of the case to be somewhat unusual and frankly a bit puzzled as to what remedy Been sought, on May 17, 2010, the Court held a telephone conference. After hearing argument from counsel, the Court attempted to simplify and streamline the proceedings. In essence, the Court assumed for purposes of summary judgment that the parties had mutually departed from the terms of the loans. With this assumption in place, the key question became whether First Horizon had given reasonable notice to Been in accordance with O.C.G.A. § 13-4-4 of its intention to strictly rely upon the exact terms of the loan documents.

In an effort to further give Been the benefit of the doubt, the Court set aside the question of whether First Horizon's filing of the lawsuit itself constituted reasonable notice, and instead simply directed First Horizon to immediately send written notice to Been in accordance with O.C.G.A. § 13-4-4 of its intention to strictly rely upon the exact terms of the loan documents. The Court further explained that Been would be given thirty days within which to remit payment. If Been failed to pay all amounts due within those thirty days, the Court instructed the parties to file affidavits, which the Court would consider as supplemental evidence in resolving the motion for summary judgment. Finally, the Court made clear that after this procedure was followed, it would grant summary judgment to First Horizon unless Been was able to come forward with a viable argument for why he should not have to pay the amounts owed.

The parties followed the Court's instructions. On May 17, First Horizon sent a letter to Been, demanding strict compliance with the loan terms, outlining the amounts due, and giving him thirty days within which to remit payment. The thirty days expired without Been remitting payment. On June 17, First Horizon's counsel, Kevin Kovalchik, submitted an affidavit testifying to all of the amounts owed by Been; on June 22, Been

filed a response brief in opposition to Kovalchik's affidavit; and on June 29, Kovalchik filed a reply brief clarifying the issues in dispute. The matter is now ripe for a ruling.

Obviously, Been no longer contends that First Horizon failed to give him proper notice of its intention to strictly rely upon the exact terms of the loan documents, and the Court otherwise finds as a matter of law that First Horizon's May 17 letter constitutes compliance with the notice requirements of O.C.G.A. § 13-4-4. Accordingly, the issues of waiver and mutual departure are now moot.

Been also admits that he personally guaranteed the loans, that he failed to pay the amounts due, and that payment is due. The parties further agree that the principal amount[3] that Been owes on the nine loans totals $3,917,467.71.[4] Although Been makes all of these concessions, he raises a few ancillary issues that the Court will address.

---

3 Although the parties use the phrase "principal amount," it is undisputed that this amount includes both principal and interest owed on the loans.

4 Originally the parties disagreed regarding this amount. In Kovalchik's June 17 affidavit, he testified that the principal amount due on the loans totaled $3,945,939. In Been's June 22 response, he contended that the principal due on the loans totaled $3,917,467.71, and he requested a hearing so that the proper amount could be ascertained. However, in First Horizon's June 29 reply brief, it stipulated to Been's $3,917,467.71 figure. Accordingly, the parties are now in agreement on this issue and a hearing is unnecessary.

In his June 22 brief, Been argues that First Horizon has failed to proffer sufficient evidence supporting its June 17 request for $580,063.31 in loan fees, attorneys' fees, and other expenses due on the loans.[5] Been takes specific issue with First Horizon's request for attorneys' fees and its failure to specify how much of the $580,063.31 is attributable to such fees. Been further contends that the Court should conduct an evidentiary hearing on the matter.

After careful review, the Court rejects Been's arguments. First, it is unclear at this point whether Been even contests First Horizon's request for these additional fees and expenses. As explained in footnote three of this Order, First Horizon stipulated that Been owed a principal amount of $3,917.467.71 on the loans. In light of this stipulation, First Horizon was forced to recalculate the amount of additional fees and expenses that it seeks, and that amount is obviously lower than it originally was.

As First Horizon's June 29 filing makes clear, it now seeks $452,802.57 in additional fees and expenses, comprised of $391,771.77 in attorneys' fees, $15,040.56 in loan fees, and $45,990.24 in taxes. First Horizon's June 29 filing was also more specific than its June 17 filing,

providing detail regarding the amount of liquidated attorneys' fees, loan fees, and taxes that it sought and how those amounts were calculated. Thus, to the extent that there was any defect in First Horizon's original filing, First Horizon cured it. Following First Horizon's June 29 filing, Been never filed a reply brief contesting the new amounts that First Horizon sought. Accordingly, it is unclear whether Been still contests First Horizon's request for these additional fees.

Second, to the extent that Been continues to take issue with these additional fees, the Court finds that the amounts that First Horizon seeks are entirely proper.

In Been's June 22 filing, he contends that Kovalchik, as an attorney for First Horizon, has insufficient personal knowledge of the fees due under the loans to competently testify regarding the subject.

This argument is meritless. During the May 17 conference call, the Court specifically directed Kovalchik to file an affidavit regarding all amounts due. Thus, Kovalchick was following the Court's instructions. Been did not object to this procedure at the time, and the Court finds there is nothing improper about it. Kovalchik is First Horizon's lawyer; as the bank's agent, he has personal knowledge of the authenticated loan

documents and he can competently testify as to the amounts due thereunder.

In Been's June 22 filing, he also argues that First Horizon's demand for attorneys' fees is improper because it failed to proffer sufficient evidence to support such a request.

The Court also rejects this argument. First Horizon seeks attorneys' fees pursuant to O.C.G.A. § 13-1-11, which provides that when a note or other instrument evidencing indebtedness provides for the payment of attorneys' fees without specifying a specific percentage, the plaintiff is entitled to collect fifteen percent of the first $500 of principal and interest owing, plus ten percent of the principal and interest in excess of $500.

First Horizon explains in its June 29 filing that it computed the $391,771.77 in attorneys' fees in accordance with O.C.G.A. § 13-1-11. Been never filed any document that refutes First Horizon's computation of the attorneys' fees owed under the loans. The Court finds that the attorneys' fees that First Horizon seeks are liquidated and that they are expressly authorized by the plain language of the loan documents. *See Woods v. Gen. Electric Credit Auto Lease, Inc.*, 187 Ga. App. 57, 60, 369 S.E.2d 334, 337 (1988) ("A plaintiff who is entitled to a summary judgment on a document

establishing evidence of indebtedness, within the meaning of O.C.G.A. § 13-1-11(a) is also entitled to judgment for attorney fees thereon.") (quotation marks omitted). Additionally, under such circumstances, an evidentiary hearing is unnecessary. *Id.*

Finally, in Been's June 22 filing, he argues that he is entitled to a hearing on the fair market value of certain Arizona collateral property that is the subject of a pending foreclosure proceeding, and that First Horizon should proceed with that foreclosure sale before it is entitled to a money judgment against Been.[6]

However, under Arizona law, it appears that Been may request such a hearing *after* the sale of the Arizona property takes place to determine the value to be credited toward the judgment. *See* A.R.S. § 12-1566. Moreover,

[6] Been also states that in 2009, First Horizon elected to initiate foreclosure proceedings on other collateral properties located in Georgia and North Carolina. However, First Horizon then switched gears, abandoning the foreclosure proceedings, and opting instead to pursue this action. Been argues that he was prejudiced by First Horizon's change in strategy. In particular, Been asserts that because the foreclosure sales were published, the public believed that the properties were troubled, thereby driving down their value. Been explains that he is now facing judgment on the entire balance of the loans after the bank's foreclosure advertisements drove down the value of the collateral property. According to Been, First Horizon should be required to complete the foreclosure proceedings it initiated rather than pursue this action. Although it is unfortunate that Been is in this position, he fails to cite any authority that would compel the Court to enter an order requiring First Horizon to complete the foreclosure proceedings. Moreover, Been fails to proffer any evidence to support his argument that the foreclosure advertisements were the primary cause of the decline in the fair market value of the properties.

Been has failed to cite any authority that would bar First Horizon from electing to pursue a money judgment against him while the foreclosure proceeding remains pending. *See McCullough v. Mobiland, Inc.*, 139 Ga. App. 260, 263, 228 S.E.2d 146, 148-49 (1976) ("the purpose of collateral is to secure the credit and increase his chance of recovery in the case of default . . . [the] intent of the Code was to broaden the options open to a creditor after default rather than to limit them under the old theory of election of remedies.") (citation omitted).[7]

It is undisputed that the loans in question have matured, Been executed the personal guarantees, and Been has failed to remit all principal and interest, late fees, and other expenses to First Horizon as required by the terms of the loan documents. Accordingly, First Horizon is entitled to judgment against Been as a matter of law on the full amounts due on each of the loans.

The Court hereby DIRECTS the CLERK to enter judgment in favor of First Horizon and against Been in the principal amount of $3,917,467.71, plus liquidated statutory and contractual attorneys' fees in the amount of

[7] Been also asserts that First Horizon has failed to mitigate its damages because it caused the value of certain collateral properties to decrease by advertising the foreclosure sales. As previously noted, the Court finds that this argument is unsupported by any evidence and is otherwise meritless.

$391,771.77, loan fees in the amount of $15,040.56, and taxes in the amount of $45,990.24. First Horizon's motion for summary judgment [40] is GRANTED, and Been's motion to compel [71] is DENIED as moot.[8] The CLERK is further DIRECTED to close this case.

IT IS SO ORDERED this 12th day of August, 2010.

Timothy C. Batten, Sr.
United States District Judge

[8] Based upon previous representations made by Been's counsel to the Court, it appears that Been's motion to compel was rendered moot by a subsequent document production. In any event, Been does not suggest that his ability to fully respond to First Horizon's motion for summary judgment was in any way hindered by a failure to obtain discovery.